IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 7, 2008

Charles R. Fulbruge III
Clerk

No. 07-20390
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SHIRAZ SYED QAZI

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-427

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shiraz Syed Qazi appeals his conviction for possession of a firearm by an alien admitted to the United States under a non-immigrant visa in violation of 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(2). Qazi argues that there was insufficient evidence to support his conviction because the Government did not prove that he knew that he was prohibited from possessing a firearm because of his immigration status. Qazi argues that the Due Process Clause requires a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

heightened level of mens rea because possession of a firearm by a non-immigrant visa holder is a passive offense that would not be viewed as a criminal act by the average person.

Qazi concedes that this court has rejected his arguments in analogous firearm-possession cases and raises the issues solely to preserve them for further review. See United States v. Shelton, 325 F.3d 553, 564 (5th Cir. 2003); United States v. Emerson, 270 F.3d 203, 215-16 (5th Cir. 2001); United States v. Dancy, 861 F.2d 77, 81-82 (5th Cir. 1988). Based on this concession, the Government has moved that this court summarily affirm Qazi's conviction without additional briefing. The Government represented that Qazi did not object to summary affirmance and stipulated that Qazi's brief preserved his issues for further review. Alternatively, the Government moved for an extension of time to file a brief should summary affirmance be denied.

Given the foregoing, the Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED. The district court's judgment is AFFIRMED.